## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR ROSA, | : | |
| Plaintiff, | : | CASE NO. 3:20-cv-1100 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JACKIE MOORE, | : | |
| Defendant. | : | AUGUST 14, 2020 |
| | : | |

_____

### INITIAL REVIEW ORDER

Plaintiff Victor Rosa, incarcerated at the Garner Correctional Institution in Newtown, Connecticut, filed this case under 42 U.S.C. § 1983.  The plaintiff names one defendant, Probation Officer Jackie Moore.  He contends that the defendant lacked probable cause to arrest him for violation of probation.  The plaintiff seeks damages only.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee.  *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)).  Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.    Allegations

On May 22, 2020, the plaintiff was released from the Department of Correction. ECF No. 1 at 7. His conditions of probation included participation at a residential community center approved by the Department of Correction and GPS monitoring. *Id.* at 8.

On June 22, 2020, the defendant issued a violation of probation warrant for the plaintiff's arrest. *Id.* The warrant stated that the plaintiff had left the program. *Id.* The plaintiff concedes that he left the program for "a couple days." *Id.* at 17. The plaintiff was detained by Windsor police on June 25, 2020 and arrested the following day. *Id.* at 8.

II.    Analysis

The plaintiff contends that the defendant violated his Fourth Amendment rights because she lacked probable cause to arrest him for violation of probation. He alleges that the GPS condition of his release permitted him to leave the program so long as he returned by curfew but that no curfew was included in his conditions of probation.

Federal claims for false arrest are analyzed under state law. *See El Badrawi v.*

2

*Department of Homeland Sec.*, 579 F. Supp. 2d 249, 269 (D. Conn. 2008) ("The elements of false arrest/false imprisonment under Connecticut law are essentially the same elements needed to articulate a Fourth Amendment violation.") (citations omitted).  Favorable termination of the charges – such as a dismissal, an acquittal, or, in some circumstances, a nolle – is an element of a claim for false arrest.  *See Miles v. City of Hartford*, 445 F. App/'x 379, 383 (2d Cir. 2011) ("favorable termination is an element of 'a section 1983 claim sounding in false imprisonment or false arrest'") (quoting *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992)).

The plaintiff alleges that he was arrested on June 26, 2020.  However, he does not allege that he has been acquitted of the charge of violation of probation or that it has otherwise been terminated in his favor.  And the department of correction website indicated that the plaintiff has not yet been sentenced on the charge of violation of probation.  *See* ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=388781 (last visited Aug. 11, 2020).  Thus, as the charge has not terminated in his favor, the plaintiff fails to allege facts to support a plausible claim for false arrest.

III.   Conclusion

The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is instructed to close this case.  Within 30 days of this order, the plaintiff may file a motion to reopen, together with an amended complaint addressing the deficiency identified herein.

**SO ORDERED** this  14th day of August 2020 at Hartford, Connecticut.

_____
           /s/
Michael P. Shea
United States District Judge

3